UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR.,<br><br>                    Plaintiff,<br><br>v.<br><br>SLEELEY, et al.,<br><br>                    Defendants. | Case No.: 14-CV-1525-JLS (PCL)<br><br>**ORDER FOR PLAINTIFF TO SERVE FIRST AMENDED COMPLAINT ON ALL UNSERVED DEFENDANTS** |

      Plaintiff Ruben Dario Garcia, Jr. initiated this action on June 23, 2014 by filing a Complaint. (ECF No. 1.) In that Complaint, Plaintiff named 12 defendants: Sleely, A. Canlas, Martinez, Velardi, R. Clarke, Newton, A. Denbela (incorrectly named as A. Dembela), Jodie Rivera, M. Glynn, R. Cobb, R. Olson, and J. Ramirez. (*Id.*) On February 17, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis* and summons were issued allowing Plaintiff to serve all the named defendants. (ECF Nos. 8, 9.)

      Defendants Sleely, Canlas, Newton, Denbela, Rivera, Glynn, Cobb, Olson, and Ramirez were served. Defendants Martinez, Velardi, and Clarke were not served. (ECF Nos. 10–22, 25.)

      On February 23, 2016, the Court granted Defendants' motion to dismiss the case, but did so without prejudice, allowing Plaintiff to file an amended complaint. (ECF No. 37.) Plaintiff filed his First Amended Complaint ("FAC"), after an extension of time, on

May 12, 2016. (ECF No. 43.) In his FAC, Plaintiff named the above defendants[1] but also added defendants E. Worman, R. Scharffenberg, I. Sedighi, L. Meritt, and L. Sheppard. (*Id.*) A summons was issued on May 16, 2016. (ECF No. 44.)[2] There is no indication the FAC was served on the newly-added defendants.[3]

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The previously unserved and newly named defendants should have been served 90 days from the filing of the FAC on May 12, 2016. To date, none of the previously unserved defendants nor the newly-added defendants have been served. These defendants are: Walker, Velardi, Martinez, Worman, Scharffenberg, Sedighi, Meritt, and Sheppard.

The Court **ORDERS** Plaintiff to arrange for service by the United States Marshal's Office on the unserved Defendants.[4] If these defendants are not served <u>within 30 days of</u>

---

[1] Defendant Clarke is not named in the FAC, either in the caption or throughout the pleading. Plaintiff's allegations against Clarke were clearly listed in Plaintiff's Complaint. The Court therefore assumes Plaintiff has dismissed his allegations against Clarke and **DISMISSES WITHOUT PREJUDICE** Defendant Clarke. *Hal Roach Studios, Inc. v. Richard Feinder and Co.,* 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *Isom v. Wagatsuma*, No. 16-00532 JMS-KJM, 2017 WL 4158203, at *6 (D. Hawai'i Sept. 18, 2017) ("Defendants not named in the caption, and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.")

[2] On September 20, 2017, Magistrate Judge Peter Lewis held a Case Management Conference telephonically with the parties. During this conference, Magistrate Judge Lewis requested defense counsel provide the status of the service on Defendants Walker, Martinez, and Velardi; defense counsel filed a status report indicating these defendants had not yet been served. (ECF No. 66.)

[3] Civil Local Rule 4.1(d) provides: "Service of an amended complaint . . . must be made upon each new party to the litigation, whether or not multiple parties are represented by a single attorney."

[4] Pursuant to Civil Local Rule 4.1(c): "Where service of a summons and pleading is to be made by United States marshal upon a person or entity, the party at whose request the summons is issued is responsible for providing the United States marshal's office with approproiate instructions regarding the person upon whom service is to be made, in what capacity the service is to be made (official or individual), and at what address service is to be made. Failure to comply with these instructions may cause the marshal not to perform service."

the date on which this Order is electronically docketed, the Court will dismiss them without prejudice in accordance with Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: October 27, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge