UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> SLEELEY, et al., <br><br> Defendants. | Case No.: 14-CV-1525-JLS (PCL) <br><br> **ORDER: (1) OVERRULING IN PART PLAINTIFF'S OBJECTIONS, (2) ADOPTING IN PART REPORT AND RECOMMENDATION, (3) DENYING PLAINTIFF'S MOTION FOR AN ORDER DIRECTING SERVICE, (4) DENYING MOTION TO DISMISS FOR IMPROPER VENUE AND MISJOINDER, AND (5) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM** <br><br> (ECF Nos. 91, 92, 93, 94) |

Plaintiff Ruben Dario Garcia Jr. has filed an amended complaint ("FAC") against various Defendants, *see* ECF No. 43, who have filed several motions to dismiss: The first motion is filed by Defendant P. Velardi (ECF No. 92); the second by Defendants Sedighi and Walker (ECF No. 93); and the third by Defendants Meritt, Scharffenberg, Sheppard, and Worman (ECF No. 94). Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("R&R") recommending this Court grant in part and deny in part the

1

motions to dismiss. (ECF No. 115.)[1] The R&R also addresses Plaintiff's pending motion regarding subpoenas (ECF No. 91). Plaintiff filed objections to the R&R ("Objs.," ECF No. 125) and a Supplemental Motion Setting Forth Objections to the Magistrate Report and Recommendation ("Supp. Objs.," ECF No. 131). Defendants did not file a reply.

## BACKGROUND

Judge Lewis's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motions. *See* R&R 2–10. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

///

---

[1] Magistrate Judge Lewis divides the Defendants as it relates to their place of employment as alleged by Plaintiff: the California State Prison Substance Abuse Treatment Facility ("SATF") or the Richard J. Donovan Correctional Facility ("RJD"). Like Magistrate Judge Lewis, the Court will refer to Defendants Meritt, Scharffenberg, Sheppard, and Worman as the "SATF Defendants" and will refer to Defendants Sedighi, Walker, and Velardi as the "RJD Defendants."

# ANALYSIS

In his Complaint, Plaintiff asserts five claims against both the SATF Defendants and RJD Defendants: (1) violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, (2) retaliation after exercising Plaintiff's First Amendment right to free speech, (3) violation of Plaintiff's Equal Protection rights under the Fourteenth Amendment, (4) conspiracy to violate Plaintiff's civil rights, and (5) intentional infliction of emotional distress. FAC at 24–31. The following chart shows the status of Plaintiff's claims following prior motion practice:

| Claims | Asserted Against in FAC | Answered per ECF No. 45 | Dismissed by ECF No. 62 | Dismissed by ECF No. 77 | Reopened by ECF No. 90 | Surviving Defendants |
|---|---|---|---|---|---|---|
| 1. Violation of Eighth Amendment Rights | <ul><li>Seeley</li><li>Sedighi</li><li>Canlas</li><li>Martinez</li><li>Velardi</li><li>Newton</li><li>Walker</li><li>Dembela</li><li>Glynn</li><li>Sheppard</li><li>Meritt</li><li>Scharffenberg</li><li>Worman</li></ul> | <ul><li>Seeley</li><li>Canlas</li><li>Newton</li><li>Glynn</li></ul> | <ul><li>Seeley</li><li>Canlas</li><li>Newton</li><li>Dembela</li><li>Glynn</li></ul> | <ul><li>Sedighi</li><li>Martinez</li><li>Velardi</li><li>Walker</li></ul> | <ul><li>Sedighi</li><li>Velardi</li><li>Walker</li></ul> | <ul><li>Sedighi</li><li>Velardi</li><li>Walker</li><li>Sheppard</li><li>Meritt</li><li>Scharffenberg</li><li>Worman</li></ul> |
| 2. First Amendment Retaliation | <ul><li>Canlas</li><li>Seeley</li><li>Martinez</li><li>Velardi</li><li>Walker</li><li>Newton</li><li>Dembela</li><li>Rivera</li><li>Glynn</li><li>Cobb</li><li>Olson</li><li>Ramirez</li></ul> | <ul><li>Canlas</li><li>Seeley</li><li>Newton</li><li>Rivera</li><li>Glynn</li><li>Cobb</li><li>Olson</li><li>Ramirez</li></ul> | <ul><li>Rivera</li><li>Cobb</li><li>Olson</li><li>Ramirez</li></ul> | <ul><li>Martinez</li><li>Velardi</li><li>Walker</li></ul> | <ul><li>Velardi</li><li>Walker</li></ul> | <ul><li>Canlas*</li><li>Seeley*</li><li>Velardi</li><li>Walker</li><li>Newton*</li><li>Dembela</li><li>Glynn*</li></ul> |
| 3. Violation of Equal Protection Rights | <ul><li>Canlas</li><li>Seeley</li><li>Martinez</li><li>Velardi</li><li>Newton</li><li>Dembela</li><li>Rivera</li><li>Glynn</li><li>Cobb</li><li>Olson</li><li>Walker</li></ul> | <ul><li>Canlas</li><li>Seeley</li><li>Newton</li><li>Rivera</li><li>Glynn</li><li>Cobb</li><li>Olson</li><li>Ramirez</li></ul> | <ul><li>Canlas</li><li>Seeley</li><li>Newton</li><li>Dembela</li><li>Rivera</li><li>Glynn</li><li>Cobb</li><li>Olson</li><li>Ramirez</li></ul> | <ul><li>Martinez</li><li>Velardi</li><li>Walker</li></ul> | <ul><li>Velardi</li><li>Walker</li></ul> | <ul><li>Velardi</li><li>Walker</li></ul> |

|   |                                      |                                                                                                                         |                                                                                                    |                                                                                       |                                                                  |                                          |                                                                                          |
|---|--------------------------------------|-------------------------------------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------------------------|---------------------------------------------------------------------------------------|------------------------------------------------------------------|------------------------------------------|------------------------------------------------------------------------------------------|
|   |                                      | • Ramirez                                                                                                               |                                                                                                    |                                                                                       |                                                                  |                                          |                                                                                          |
| 4. | Conspiracy to violate civil rights | • Canlas<br>• Seeley<br>• Martinez<br>• Velardi<br>• Newton<br>• Dembela<br>• Rivera<br>• Glynn<br>• Cobb<br>• Olson<br>• Ramirez<br>• Walker | • Canlas<br>• Seeley<br>• Newton<br>• Rivera<br>• Glynn<br>• Cobb<br>• Olson<br>• Ramirez | • Rivera<br>• Cobb<br>• Olson<br>• Ramirez | • Martinez<br>• Velardi<br>• Walker | • Velardi<br>• Walker | • Canlas*<br>• Seeley*<br>• Velardi<br>• Newton*<br>• Dembela<br>• Glynn*<br>• Walker |
| 5. | Intentional infliction of emotional distress | • Canlas<br>• Seeley<br>• Martinez<br>• Velardi<br>• Newton<br>• Dembela<br>• Rivera<br>• Glynn<br>• Cobb<br>• Walker<br>• Olson<br>• Ramirez | • Canlas<br>• Seeley<br>• Newton<br>• Rivera<br>• Glynn<br>• Cobb<br>• Olson<br>• Ramirez | • Canlas<br>• Seeley<br>• Newton<br>• Dembela<br>• Rivera<br>• Glynn<br>• Cobb<br>• Olson<br>• Ramirez | • Martinez<br>• Velardi<br>• Walker | • Velardi<br>• Walker | • Velardi<br>• Walker |

\* Answered FAC.

*See* R&R at 9; *see also* FAC; ECF Nos. 45, 62, 77, 90.

**I.  Motion to Dismiss for Improper Venue (ECF No. 94)**

The SATF Defendants have moved to dismiss this case based in part on improper venue. *See* ECF No. 94; *see also* ECF No. 94-1 at 4–7. Magistrate Judge Lewis determined that the SATF Defendants all reside in the Eastern District of California, but that the RJD Defendants likely all reside in this District. R&R at 11–12. Because all Defendants reside in the same state, Magistrate Judge Lewis determined that both the Southern and Eastern Districts are proper. *Id.* at 12 (citing 28 U.S.C § 1391). Considering the location of all of the defendants and Plaintiff's choice of forum, Magistrate Judge Lewis found that transfer of venue is not proper. *Id.* at 13–14. Magistrate Judge Lewis therefore recommends denying SATF Defendants' motion to dismiss or, alternatively, to transfer for improper venue. *Id.* at 14.

Plaintiff does not object to Magistrate Judge Lewis' recommendation, *see generally* Objs.; Supp. Objs., and the Court finds no clear error in the recommendation. Plaintiff's

choice of forum is entitled to deference, and the Court agrees with Magistrate Judge Lewis that transfer to the Eastern District would merely shift the burden of inconvenience from the SATF Defendants to the RJD Defendants. *See* R&R at 13 (quoting *Schwartz v. Marriot Hotel Servs.*, 186 F. Supp. 2d 245, 250 (E.D.N.Y. 2002). The Court therefore **ADOPTS** the R&R and **DENIES** the SATF Defendants' motion to dismiss or to transfer for improper venue (ECF No. 94).

II. **Motion to Dismiss for Improper Joinder (ECF No. 94)**

The SATF Defendants argue that they should be dismissed because there was a misjoinder of claims against them with those against the RJD Defendants. *See* ECF No. 94 at 7–9. Magistrate Judge Lewis analyzes permissive joinder under Federal Rule of Civil Procedure Rule 20(a), R&R at 14, and recommends denying the SATF Defendants' motion to dismiss for improper joinder. *Id.* at 17.

Plaintiff does not object to Magistrate Judge Lewis' recommendation, *see generally* Objs.; Supp. Objs., and the Court finds no clear error in the recommendation. The Court agrees with Magistrate Judge Lewis that "there are sufficient allegations made against both sets of defendants such that joinder is proper" and that "it would be an inordinate waste of judicial time and resources to litigate these claims separately against the two sets of defendants." R&R at 16. The Court therefore **ADOPTS** the R&R and **DENIES** the SATF Defendants' motion to dismiss for improper joinder (ECF No. 94).

III. **Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 92, 93, 94)**

Both the RJD and the SATF Defendants have moved to dismiss all of Plaintiff's claims based on Plaintiff's alleged failure to state claims against the defendants upon which relief can be granted. *See* ECF Nos. 92, 93, 94.[2]

---

[2] Like Magistrate Judge Lewis, this Court is frustrated by Defendants' needlessly duplicative motions. It is a waste of judicial resources for Magistrate Judge Lewis and this Court to analyze the record in this action to determine whether a cause of action has already been dismissed as to—or even asserted against—certain defendants, who nonetheless again pointlessly move to dismiss it here.

5

### A. First Cause of Action: Eighth Amendment Claim for Deliberate Indifference

Magistrate Judge Lewis determined that this cause of action exists only against the SATF Defendants, and therefore analyzed the SATF Defendants' motion to dismiss this claim only. R&R at 18. Magistrate Judge Lewis determines that Plaintiff has not established deliberate indifference, and therefore recommends granting the SATF Defendants' motion to dismiss this claim. *Id.* at 23.

Plaintiff raises several objections to Magistrate Judge Lewis' recommendation, *see generally* Objs. at 2–16, which the Court addresses in turn. First, Plaintiff objects to Magistrate Judge Lewis' determination that his Eighth Amendment claim survives only against the SATF Defendants. *Id.* at 2. The Court agrees with Plaintiff that the RJD Defendants here—Defendants Sedighi, Walker, and Velardi—did not bring the motion for judgment on the pleadings asserted by other defendants at RJD, *see* ECF No. 50, namely because they had not yet been served. *See* ECF Nos. 78, 83, 86. For the same reasons that the Court dismissed Plaintiff's Eighth Amendment claim against the other RJD defendants, however, Plaintiff's claim against Defendants Sedighi, Walker, and Velardi must also fail. *See* ECF No. 62 at 7–14. Consequently, although the Court does not overrule Plaintiff's first objection, Plaintiff's first objection does not save his Eighth Amendment claim as to the remaining RJD Defendants, *i.e.*, defendants Sedighi, Walker, and Velardi.

Second, Plaintiff objects to the "limited interpretation of the FAC claims made against defendants at SATF," arguing that Magistrate Judge Lewis "fails to address key and material issues which support his claim." Objs. at 2–4. Specifically, Magistrate Judge Lewis focused on the SATF Defendants' alleged under-medication of Plaintiff and prescription of weak pain relieving medications and powerful anti-psychotic and depressant medications to him. *Id.* at 4 (citing R&R at 18). Plaintiff notes, for example, that the prescription of numerous weak pain relieving medications caused him "to suffer daily severe stoma[ch] aches and cramps." *Id.* at 3. Upon review of the R&R, however, the Court believes that Magistrate Judge Lewis gave full consideration to the allegations in

Plaintiff's FAC, including all theories underlying his Eighth Amendment claim. *See generally* R&R at 2–5, 18–23. The Court therefore overrules Plaintiff's second objection.

Third, Plaintiff objects to Magistrate Judge Lewis' finding that Plaintiff's allegations fail to show the SATF Defendants' deliberate indifference, *see* Objs. at 4–9, contending that, when all allegations are taken as true and construed in his favor, the FAC allows the Court to find that the SATF Defendants were deliberately indifferent to Plaintiff's serious medical needs. *See, e.g.*, *id.* at 9. It is true that the Court must accept all allegations of material fact pleaded in the complaint as true and construe those allegations in favor of the nonmoving party and draw all reasonable inference from them in favor of the nonmoving party, but this is precisely what Magistrate Judge Lewis did. *See, e.g.*, R&R at 17 (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court must agree that, even drawing all inferences in Plaintiff's favor, "Plaintiff's allegations show the SATF Defendants modified Plaintiff's treatment regimen '. . . [several] different times,' thereby showing a diligent effort to perfect a combination of pain relieving medications for Plaintiff," R&R at 21 (citing ECF No. 62 at 9), and "[a]ll of the[ SATF Defendants'] actions show the SATF Defendants provided medical care to Plaintiff and did not knowingly fail to respond to a serious medical need." *Id.* at 23 (citing *Farmer v. Brennan*, 511 U.S. 825, 837–42 (1970); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). For these and the additional reasons stated below, the Court must agree with Magistrate Judge Lewis' recommendation that neither the SATF Defendants, nor the remaining RJD Defendants for that matter, were deliberately indifferent to Plaintiff's serious medical needs. The Court therefore overrules Plaintiff's objection.

Fourth, Plaintiff objects to Magistrate Judge Lewis' finding that Plaintiff's allegations amount to nothing beyond a difference in medical opinion. *See* Objs. at 9–10. The Court again disagrees with Plaintiff and agrees with Magistrate Judge Lewis. The cases cited by Magistrate Judge Lewis, *see* R&R at 20 (citing *Womack v. Bakewell*, No. 2:10-CV-2778 GEB DAD, 2013 WL 3148467, at *9 (E.D. Cal. June 19, 2013)); R&R at 21 (citing *Parlin v. Sodhi*, No. 10-6120 VBF MRW, 2012 WL 5411710, at *5 (Aug.

8), *report and recommendation adopted*, 2012 WL 5409833 (C.D. Cal. Nov. 5, 2012)), are on point and support the conclusion that Plaintiff's allegations amount only to a disagreement with the SATF Defendants (and the RJD Defendants) concerning the medical treatment he received. The Court therefore overrules Plaintiff's fourth objection.

Fifth, Plaintiff objects to Magistrate Judge Lewis' statement that "Garcia continually argues he needs more powerful pain relieving medication. Yet, [Plaintiff] omits that SATF defendants attempted to prescribe him such medications," Objs. at 10 (quoting R&R at 20), for the same reasons as his second objection above. Magistrate Judge Lewis, however, cites to Plaintiff's own FAC to show that the SATF Defendants did prescribe additional medications after Plaintiff complained that he was still in pain in an attempt to alleviate his symptoms. *See* R&R at 20 (citing FAC at 21–24); *see also* R&R at 5. The record therefore supports Magistrate Judge Lewis' statement, and the Court overrules Plaintiff's objection.

Sixth, Plaintiff objects to Magistrate Judge Lewis' finding that "Defendants at SATF worked toward alleviating Garcia's pain by conservatively prescribing increasingly more powerful pain medications, and that defendants were not deliberately indifferent toward Garcia's pain[,] but instead responded to Plaintiff's medical needs in a way they saw fit," Objs. at 10 (quoting R&R at 21), for the same reasons as his third objection above. For the reasons stated above, the Court disagrees: Plaintiff's own allegations in the FAC support Magistrate Judge Lewis' conclusion. The Court therefore overrules Plaintiff's sixth objection.

Seventh, Plaintiff objects to Magistrate Judge Lewis' finding that "'Garcia's allegations show SATF defendants modified Garcia['s] treatment regimen[] at least five different times,' . . . thereby 'showing a diligent effort to perfect a combination of pain relieving medications for Garcia.'" Objs. at 10–11 (quoting R&R at 21 (quoting ECF No. 62 at 9)). The Court notes that Magistrate Judge Lewis was quoting the Court's prior Order granting in part judgment on the pleadings in favor of certain of the RJD Defendants, in which the Court noted that Plaintiff had alleged at least five changes in his treatment regimen between the two facilities. *See* ECF No. 62 at 9 (citing FAC ¶¶ 7, 17–18, 22, 43,

8

14-CV-1525-JLS (PCL)

46). To the extent Plaintiff objects that the SATF Defendants did not change Plaintiff's treatment regimen five times, the Court agrees; however, for the reasons discussed elsewhere in this Order, that the SATF Defendants made fewer than five changes to Plaintiff's treatment regimen does not change Magistrate Judge Lewis' conclusion that they "show[ed] a diligent effort to perfect a combination of pain relieving medications for Plaintiff." *See* R&R at 21. Consequently, although the Court does not overrule Plaintiff's seventh objection, the Court agrees with Magistrate Judge Lewis' conclusion.

Eighth, Plaintiff objects to Magistrate Judge Lewis' finding that, "without more[,] Garcia simply can[]not show there is more than a dis[]agreement over treatment methods, which is insufficient for a[n] Eighth Amendment claim." Objs. at 11 (quoting R&R at 21). For the same reasons that the Court overrules Plaintiff's fourth objection, *see supra* pages 7–8, the Court must agree with Magistrate Judge Lewis and overrule Plaintiff's eighth objection.

Ninth, Plaintiff objects to Magistrate Judge Lewis' "contention[] that the Pain Management Guidelines create a standard framework which [is] not [a] fixed protocol[] that must be followed." Objs. at 11–12 (quoting R&R at 22) (internal quotation marks omitted). Magistrate Judge Lewis, however, quotes from the Pain Management Guidelines themselves, *see* R&R at 22, and case law bolsters his reading of the Guidelines' plain language. *See, e.g.*, *Elliott v. Tseng*, No. 2:11-CV-03118 KJM, 2014 WL 3966377, at *14 (E.D. Cal. Aug. 13, 2014) ("[Prison physician] was required to follow th[]e Guidelines *to the extent they were consistent with his professional medical opinion* in treating plaintiff.") (emphasis added); *see also Cordell v. Robert*, No. 215CV0992TLNCKDP, 2017 WL 3670965, at *10 (E.D. Cal. Aug. 25, 2017) ("[S]tate departmental regulations do not establish a federal constitutional violation.") (quoting *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009)). Plaintiff offers no argument to the contrary, except that he alleges in his FAC that California Department of Corrections and Rehabilitation physicians must "adhere without d[e]viation to those . . . Guidelines." Objs. at 12 (citing FAC at 8, 10). Consequently, the Court overrules Plaintiff's objection.

Tenth, Plaintiff objects to Magistrate Judge Lewis' "contentions that 'the Pain Management Guidelines reserve the discretion to these individual defendants . . . to determine a proper course of treatment while acting as [California Prison Health Care Services (CPHCS")] clinicians and [Plaintiff]'s [primary care provider].'" Objs. at 12 (quoting R&R at 22). The Court overrules Plaintiff's tenth objection for the same reasons outlined above with respect to Plaintiff's ninth objection, above.

Eleventh, Plaintiff objects to Magistrate Judge Lewis' "contention[] 'that Garcia fails to show why powerful anti-depressants [prescribed for him under these circumstances] were unacceptable." Objs. at 12-13 (quoting R&R at 22). Plaintiff alleges, for example, that the SATF Defendants "through prescri[ption] training and licensure knew and were clearly aware that 'the medications nortriptyline, o[x]carbazepine, Effexor, and Prozac are not to be prescribe[d] to Garcia jointly and together due to significant drug-drug interaction that could be fatal to Garcia." FAC at 23. As Magistrate Judge Lewis notes, however, this "does not rise to the high legal standard of deliberate indifference" because, "[e]ven if the SATF Defendants' actions did rise to malpractice or negligence, 'mere malpractice, or even gross negligence does not' constitute a claim under the Eighth Amendment." R&R at 23 (quoting *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). If anything, as Magistrate Judge Lewis indicates, *see* R&R at 23, the changes to Plaintiff's treatment regimen would seem to indicate that the SATF Defendants attempted to evaluate and treat Plaintiff's condition. The Court therefore overrules Plaintiff's objection.

Twelfth, Plaintiff objects to Magistrate Judge Lewis' "contention 'that a CPHCS clinician who veers from the Pain Management Guidelines does not per se consciously disregard an excessive risk, but, rather, the clinician shows a difference of opinion." Objs. at 13–14 (quoting R&R at 22). The Court again overrules Plaintiff's twelfth objection for the same reasons outlined above with respect to Plaintiff's ninth and tenth objections.

Thirteenth, Plaintiff objects to Magistrate Judge Lewis' "contention that Garcia never provides any facts to substantiate [his] allegation that [the] SATF defendants knew that nortriptyline, o[x]carbazepine, Effexor, and Prozac should not be prescribed jointly."

Objs. at 14 (quoting R&R at 22) (internal quotation marks omitted). As indicated above, Plaintiff generally alleges that the SATF Defendants were aware of the "significant . . . interaction" between these drugs "through prescri[ption] training and licensure." FAC at 23. The Court is inclined to agree with Magistrate Judge Lewis on the grounds that these allegations are conclusory; however, even if the Court were inclined to disagree, the Court would be inclined to agree that Plaintiff has not adequately pled a cause of action for deliberate indifference for the other reasons discussed above and below. Consequently, the Court overrules Plaintiff's thirteenth objection.

Fourteenth, Plaintiff objects to Magistrate Judge Lewis' "contention 'that Garcia's allegations fail[] to show a conscious disregard of an excessive risk to Garcia's health,'" Objs. at 14 (quoting R&R at 22–23), for the same reasons as his third objection above. For the same reasons the Court overruled Plaintiff's third and eleventh objections, however, the Court overrules Plaintiff's fourteenth objection.

Fifteenth, Plaintiff objects to Magistrate Judge Lewis' "contention[] 'that defendants prescribing for Garcia powerful anti-depressant/psychotic medications combined with pain medications does not rise to the high legal standard of deliberate indifference,'" Objs. at 14 (quoting R&R at 23), for—at least in part—the same reasons as his third objection above. Again, for the same reasons the Court overruled Plaintiff's third, eleventh, and fourteenth objections, the Court overrules Plaintiff's fifteenth objection.

Sixteenth and finally, Plaintiff objects to Magistrate Judge Lewis' finding that "defendants['] actions did rise to malpractice or negligence." Objs. at 15–16 (quoting R&R at 23). The Court notes that Magistrate Judge Lewis concludes that, "[e]ven if the SATF Defendants' actions did rise to malpractice or negligence, 'mere malpractice, or even gross negligence does not' constitute a claim under the Eighth Amendment." R&R at 23 (citing *Wood*, 900 F.2d at 1334). The Court therefore does not read the R&R as "finding" that the SATF Defendants' conduct rose to malpractice or negligence; however, even if it does, Magistrate Judge Lewis is correct that, under binding precedent, such conduct does not amount to deliberate indifference. Consequently, the Court overrules Plaintiff's objection.

### B. Second Cause of Action: First Amendment Retaliation Claim

Both the RJD and the SATF Defendants have moved to dismiss Plaintiff's second cause of action for First Amendment retaliation. *See* ECF Nos. 92 at 11–12, 93-1 at 13–14, 94-1 at 14–15. Magistrate Judge Lewis considered only RJD Defendants Walker and Velardi's motion to dismiss because the SATF Defendants were not named in this claim and because there are no allegations against RJD Defendant Sedighi for this claim and he is merely listed in the "cause of action" section. R&R at 24; *see also supra* page 3. On the merits, Magistrate Judge Lewis analyzes the cause of action and respective motion to dismiss and recommends the Court deny the motion to dismiss this claim as to RJD Defendants Velardi and Walker. R&R at 28.

Plaintiff does not object to Magistrate Judge Lewis' recommendation, *see generally* Objs.; Supp. Objs., and the Court finds no clear error in the recommendation. The Court agrees with Magistrate Judge Lewis that Plaintiff has adequately pled a claim against RJD Defendants Velardi and Walker. *See* R&R at 24–28. The Court therefore **ADOPTS** the R&R and **GRANTS** the motions to dismiss as to RJD Defendant Sedighi (ECF No. 93) and the SATF Defendants (ECF No. 94), and **DENIES** RJD Defendants Walker and Velardi's motion (ECF No. 92).

### C. Third Cause of Action: Equal Protection Claim

Both the SATF Defendants and the RJD Defendants move to dismiss this claim against them. Magistrate Judge Lewis noted that the claim had already been dismissed against RJD Defendants Velardi, Sedighi, and Walker in a prior order, and therefore only analyzed the SATF Defendants' motion. Magistrate Judge Lewis concluded that Plaintiff has failed to state a claim against the SATF Defendants and recommends the Court grant the motion to dismiss this claim. R&R at 29.

The Court again notes that it did not previously dismiss Plaintiff's third cause of action against RJD Defendants Velardi, Sedighi, and Walker because they had not been served as of the Court's August 21, 2017 Order. *Compare* ECF No. 62, *with* ECF Nos. 78, 83, 86; *see also supra* pages 3–4. Further, Plaintiff does not assert his third cause of action

against defendant Sedighi. *See* FAC at 29; *see also supra* pages 3–4. As with Plaintiff's first cause of action, however, the Court concludes that Plaintiff's third cause of action against the remaining RJD Defendants must be dismissed for the same reasons set forth in the Court's August 21, 2017 Order dismissing the claims against the previously served RJD Defendants.

Plaintiff does not object to Magistrate Judge Lewis' recommendation, *see generally* Objs.; Supp. Objs., and the Court otherwise finds no clear error in the recommendation. The Court agrees with Magistrate Judge Lewis that "Plaintiff makes no allegations that he is in fact part of a protected class, nor that any action of omission by the SATF Defendants were taken due to his membership in such a class," as needed to state a claim under the Equal Protection Clause. *See* R&R at 29 (citing *Pers. Adm'r of Mass v. Feeney*, 442 U.S. 256, 279 (1979)). The Court therefore **ADOPTS** as modified the R&R and **GRANTS** the motion to dismiss as to the SATF Defendants (ECF No. 94), RJD Defendant Velardi (ECF No. 92), and RJD Defendants Sedighi and Walker (ECF No. 93).

### D. *Fourth Cause of Action: Conspiracy to Violate Plaintiff's Civil Rights*

Magistrate Judge Lewis recommends granting the motions to dismiss this claim against the SATF Defendants and Defendant Sedighi because the FAC does not assert this claim against these defendants. R&R at 30; *see also supra* page 4. Magistrate Judge Lewis therefore analyzes only Defendant Velardi's motion to dismiss this claim, and recommends denying the motion. R&R at 30–31. The Court notes that Defendant Walker, as to whom this claim survives, also moves to dismiss. *See* ECF No. 93; *see also supra* page 4.

Plaintiff does not object to Magistrate Judge Lewis' recommendation, *see generally* Objs.; Supp. Objs., and the Court finds no clear error in the recommendation. The Court agrees with Magistrate Judge Lewis that Plaintiff has "set forth facts that these defendants, including RJD Defendant[s Walker and] Velardi, acted in concert in cancelling Plaintiff's treatment and falsified their reasons for doing so," but that "Plaintiff has not properly shown a conspiracy claim exists against RJD Defendant[s Walker and] Velardi based on the denial of Plaintiff's requests to see an orthopaedic specialist." R&R at 31. The Court

therefore **ADOPTS** the R&R and **GRANTS** the motions to dismiss as to RJD Defendant Sedighi (ECF No. 93) and the SATF Defendants (ECF No. 94), and **DENIES** RJD Defendants Velardi's (ECF No. 92) and Walker's (ECF No. 93) motions to the extent they are predicated on cancellation of Plaintiff's prescriptions.

### E. *Fifth Cause of Action: Intentional Infliction of Emotional Distress*

All defendants move to dismiss this claim, *see* ECF Nos. 92 at 16–17, 93-1 at 18–20, 94-1 at 17–19, but only RJD Defendants Walker and Velardi are actually named in the claim. R&R 32; *see also supra* page 4. Magistrate Judge Lewis recommends granting these two Defendants' motions to dismiss this claim. R&R at 33. Plaintiff objects to Magistrate Judge Lewis' "contention[] 'that [Plaintiff] has imposed non-existent duties upon RJD defendants Walker and Velardi and allege these duties have been breached,'" Objs. at 16 (quoting R&R at 32), for the same reasons as his fifteenth objection above.

Plaintiff's fifth claim is predicated on Defendants' "obligation to protect, provide medical care, medical treatment, [and] a duty of processing 'staff complaint' *specifically to properly log, review, investigate, document and report investigation findings, to keep the complaint and relevant reports/finding or other tangible things in agency files.*" FAC at 31. Plaintiff further alleges that "these defendants breach[ed] the fiduciary duty imposed to them under color of law, under peace officer/correctional officers['] duty." *Id.* Plaintiff does not cite, and the Court is unable to find, any authority suggesting that defendants owe such duties to Plaintiff. *See* R&R at 32. Further, the Court agrees with Magistrate Judge Lewis that "none of [Plaintiff's] allegations rise to the level of extreme and outrageous," particularly given that "the administration of Plaintiff's medical care, while disagreeable to Plaintiff, was appropriate." *Id.* at 32–33. Consequently, the Court **OVERRULES** Plaintiff's objection, **DENIES AS MOOT** the motions to dismiss filed by RJD Defendant Sedighi (ECF No. 93) and the SATF Defendants (ECF No. 94), and **GRANTS** the motions to dismiss filed by RJD Defendants Walker (ECF No. 93) and Velardi (ECF No. 92).

/ / /

/ / /

**IV. Motion to Serve Subpoenas (ECF No. 91)**

Plaintiff also has filed a motion requesting that the Court order service on Defendant M. Martinez with the FAC. *See* ECF No. 91. Magistrate Judge Lewis noted that the Court "has, at this point, granted numerous extensions of time for Plaintiff to serve the various defendants in this case." R&R at 9 (citing ECF No. 90 at 1–2). Nonetheless, "Plaintiff has still failed to serve defendant M. Martinez" in the "over two years" since Plaintiff "filed his FAC on May 12, 2016." *Id.* Because "this delay is inexcusable," Magistrate Judge Lewis recommends denying Plaintiff's motion. *Id.*

Plaintiff claims that this recommendation is "arbitrary and an unreasonable application of . . . legal standards." Supp. Objs. at 2. He argues that the "historical facts establish . . . 'Garcia has been diligent and to the best of his abilities attempted to have the U.S. Marshal complete service upon defendant[] M. Martinez.'" *Id.* at 5.[3]

The Court agrees with Magistrate Judge Lewis. Plaintiff filed his initial complaint against Defendant Martinez on June 23, 2014. *See* ECF No. 1. Plaintiff failed ever to serve Defendant Martinez with this complaint. *See, e.g.*, ECF No. 10. On May 12, 2016, Plaintiff filed his FAC against Defendant Martinez. *See* ECF No. 43. Plaintiff again failed ever to serve Defendant Martinez with the amended complaint. *See, e.g.*, ECF No. 76. On October 30, 2017, the Court ordered Plaintiff to serve the then-unserved defendants, including Defendant Martinez, within thirty days. ECF No. 68. In response to a motion from Plaintiff, *see* ECF No. 71, the Court extended Plaintiff's deadline to serve the then-unserved defendants, including Defendant Martinez, to January 15, 2018. ECF No. 74. Following Plaintiff's failure to serve Defendant Martinez by that date, *see* ECF No. 76, the Court dismissed the then-unserved defendants, including Defendant Martinez, without prejudice on January 17, 2018. *See* ECF No. 77. Plaintiff filed an additional request for an extension of time within which to complete service, *see* ECF No. 80, and subsequently

---

[3] The Court notes that the sixth page of Plaintiff's Supplemental Objections is missing.

served all of the dismissed defendants, except Defendant Martinez. *See* ECF Nos. 78, 82–89. The Court then granted Plaintiff's motion for an extension of time and directed to Clerk of the Court to reopen the case as to the defendants who had been served. *See* ECF No. 90. The instant *Ex Parte* Application followed on February 21, 2018. *See* ECF No. 91.

Although the Court recognizes the additional challenges faced by a litigant who is incarcerated, the Court agrees with Magistrate Judge Lewis that this record does not show that Plaintiff has been diligent in attempting to serve Defendant Martinez. Plaintiff first filed this action in June 2014; Defendant has yet to be served—with any complaint—as of October 2018, over four years later. The Court has granted multiple extensions of time within which to serve Defendant Martinez. *See, e.g.*, ECF Nos. 74, 90. Despite these extensions, service has yet to be effected. The Court therefore **OVERRULES** Plaintiff's Supplemental Objections, **DENIES** Plaintiff's *Ex Parte* Application (ECF No. 91), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant Martinez for untimely service pursuant to Federal Rule of Civil Procedure 4(m). *See, e.g.*, *Ponce v. Gale*, No. EDCV 12-2184-GW JEM, 2014 WL 7381735, at *5 (C.D. Cal. Dec. 24, 2014) ("If service cannot be accomplished due to the *pro se* plaintiff's 'neglect' or 'fault,' including the plaintiff's failure to provide sufficient information to identify or locate the defendant, dismissal is appropriate.") (citing *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)); *see also id.* at *6 ("[T]he record suggests that extending the time for service would be an idle act.").

## CONCLUSION

In light of the foregoing, the Court:

1. **OVERRULES IN PART AND SUSTAINS IN PART** Plaintiff's Objections (ECF No. 125) and **OVERRULES** Plaintiff's Supplemental Objections (ECF No. 131), as outlined above;

2. **ADOPTS IN PART** Magistrate Judge Peter C. Lewis' Report and Recommendation (ECF No. 115), subject to the above-mentioned modifications;

3. **DENIES** the *Ex Parte* Application by Named Plaintiff for the Court to Enter Order for the U.S.M. to Serve Court Issued Subpoena(s) on Defendant[']s Employer or Any Other Relevant Party So That the Marshal Can Obtain the Necessary Contact Information to Serve Defendant (ECF No. 91) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant M. Martinez;

4. **DENIES** the Motion to Dismiss for Improper Venue and Misjoinder of Claims and Parties filed by Defendants A. Canlas, A. Denbela, M. Glynn, L. Meritt, P. Newton, R. Scharffenberg, I. Sedighi, K. Seeley, L. Sheppard, R. Walker, and E. Worman (ECF No. 94); and

5. **GRANTS IN PART AND DENIES IN PART** the Motions to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants P. Velardi (ECF No. 92); I. Sedighi and R. Walker (ECF No. 93); and L. Meritt, R. Scharffenberg, L. Sheppard, and E. Worman (ECF No. 94), as detailed above. Specifically:

   a. Plaintiff's first claim alleging an Eighth Amendment violation is **DISMISSED WITHOUT PREJUDICE** as to Defendants I Sedighi, P. Velardi, R. Walker, L. Sheppard, L. Meritt, and R. Scharffenberg, and E. Worman;

   b. Plaintiff's second claim alleging First Amendment retaliation is **DISMISSED WITHOUT PREJUDICE** as to Defendants I. Sedighi, L. Meritt, R. Scharffenberg, L. Sheppard, and E. Worman, but **SHALL PROCEED** as to Defendants R. Walker and P. Velardi and non-moving Defendants A. Canlas, A. Denbela, M. Glynn, P. Newton, and K. Seeley;

   c. Plaintiff's third claim alleging an Equal Protection violation and fifth claim alleging intentional infliction of emotional distress are **DISMISSED WITHOUT PREJUDICE** as to Defendants P. Velardi and R. Walker; and

   d. Plaintiff's fourth claim alleging a conspiracy to violate his civil rights is **DISMISSED WITHOUT PREJUDICE** against Defendants R. Walker and P. Velardi to the extent it is premised upon denial of Plaintiff's requests to see an

orthopedic specialist, but **SHALL PROCEED** to the extent it is premised upon the conspiracy to cancel Plaintiff's prescriptions as to Defendants R. Walker and P. Velardi and non-moving Defendants A. Canlas, A. Denbela, M. Glynn, P. Newton, and K. Seeley.

6. Plaintiff **MAY FILE** a Second Amended Complaint within <u>thirty (30) days</u> of the electronic docketing of this Order. Should Plaintiff elect not to file an amended complaint, the dismissals outlined above **SHALL BE WITH PREJUDICE** and this action **SHALL PROCEED** on Plaintiff's surviving causes of action, as outlined above.

**IT IS SO ORDERED.**

Dated: October 22, 2018

Hon. Janis L. Sammartino
United States District Judge

18
14-CV-1525-JLS (PCL)