UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR.,<br><br>                         Plaintiff,<br>v.<br>SLEELEY, et al.,<br><br>                        Defendants. | Case No.: 14-CV-1525 JLS (RBM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>(ECF No. 162) |

Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's Denial for Extension of Time to File a Second Amended Complaint ("Mot.," ECF No. 162). Also before the Court are Defendant Pamela Velardi's (ECF No. 164) and Defendants A. Canlas, R. Walker, A. Denbela, P. Newton, and K. Seeley's (erroneously sued as "Sleeley") (ECF No. 167) Oppositions to the Motion. Having considered the Parties' arguments and the law, the Court **DENIES** the Plaintiff's Motion.

## BACKGROUND

The Court incorporates by reference the factual background as laid out in the Magistrate Judge Ruth Bermudez Montenegro's underlying December 17, 2018 Order Denying Plaintiffs' Motion for Extension of Time ("Order," ECF No. 154), as well as the

January 14, 2019 Notice of Document Discrepancies ("Notice," ECF No. 157) rejecting Plaintiff's proposed Second Amended Complaint ("SAC").

Procedurally, on December 17, 2018, Judge Montenegro ruled that, "[a]fter balancing the equities, the Court does not find that good cause exists to grant Plaintiff's Motion for Extension of Time." Order at 7. Judge Montenegro based her decision on the failure of the Plaintiff to "<u>FILE</u> his Second Amended complaint within <u>thirty (30) days</u> of the electronic docketing of this order," as ordered by this Court on October 22, 2018. ECF No. 136 (emphasis in original). Under the more rigorous standard for Motions for Extension of Time requested after the expiration of the filing period, Judge Montenegro found Plaintiff's rationale unpersuasive and dismissed the motion with prejudice. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Despite Judge Montenegro's Order, Plaintiff attempted to file his proposed SAC on January 7, 2019. *See* ECF No. 157-1. Judge Montenegro rejected the document on discrepancy, noting that "the same rationale . . . appl[ied], in greater force." Notice at 1.

On January 22, 2019, Plaintiff filed the instant Motion requesting that this Court reconsider Judge Montenegro's Order. *See generally* ECF No. 162.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used

2

14-CV-1525 JLS (RBM)

sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff bases his Motion on his belief that his "Reasons for Delay" merited consideration by Judge Montenegro. *See* Mot. at 5–6. Plaintiff's original motion to Judge Montenegro, filed November 28, 2018, provided three reasons that an extension of time was merited: (1) Plaintiff was incarcerated and suffering from a number of psychological disorders, (2) Plaintiff has no legal training and has only a GED, and (3) Plaintiff's housing conditions limited his access to the law library and the assistance of a jailhouse lawyer. *See generally* ECF No. 143. Judge Montenegro did consider these arguments and found that they did not weigh against a finding of excusable neglect. *See* Order at 6–7.

In the instant Motion, Plaintiff now adds a new reason that his requested extension was merited: "(4.) . . . between November and December 2018, there was a tuberculosis outbr[eak] which caused prison administrator[]s to limit and/or suspend entirely any inmate out of cell movement." Mot. at 6. Plaintiff's original motion, however, was filed on November 29, 2018, *see generally* ECF No. 143, in the midst of the purported tuberculosis outbreak. Nonetheless, Plaintiff's original motion failed to state as a "Reason for Delay" any ongoing tuberculosis outbreak that would have inhibited Plaintiff's ability to meet the applicable deadlines. New arguments or new evidence that could have reasonably been raised earlier are not proper grounds for reconsideration. *See, e.g.*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*, 571 F.3d 873, 880–81 (9th Cir. 2009) (affirming district court's denial of reconsideration where "new" evidence could have been presented to the district court previously); *Pierce v. Skolnik*, No. 3:10-CV-0239-ECR-VPC, 2012 WL

28839 (D. Nev. Jan. 5, 2012) (denying reconsideration based on declarations presenting previously available evidence). Because Plaintiff failed timely to raise the tuberculosis outbreak in his original motion to Judge Montenegro, the Court concludes that it is not a proper grounds for reconsideration for purposes of the instant Motion. As Plaintiff has failed to establish that the Magistrate Judge committed clear error in denying Plaintiff an extension of time to file his SAC or that there is new evidence or any intervening change in the controlling law, the Court **DENIES** reconsideration.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 162).

**IT IS SO ORDERED.**

Dated: May 30, 2019

Hon. Janis L. Sammartino
United States District Judge