UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR.,<br><br>                      Plaintiff,<br><br>v.<br><br>SLEELEY, et al.,<br><br>                      Defendants. | Case No.: 14-CV-1525 JLS (RBM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND *EX PARTE* APPLICATION FOR COPIES**<br><br>(ECF No. 195) |

Presently before the Court is Plaintiff Ruben Dario Garcia, Jr.'s Second *Ex Parte* Application for Copies of Docket Filing Records in the Above Entitle[d] Matter ("*Ex Parte* App.," ECF No. 195), in which he again requests copies of voluminous court records in connection with his current appeal before the United States Court of Appeals for the Ninth Circuit, *Garcia v. Seeley*, No. 19-56128 (9th Cir. filed Sept. 25, 2019) (the "Appeal").

On October 25, 2019, Plaintiff requested copies of 63 documents totaling 1020 pages: ECF Nos. 27, 28, 36, 37, 39, 41, 42, 43, 50, 62, 65, 66, 68, 69, 71, 73, 74, 80, 90, 105, 106, 115, 116, 117, 118, 119, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 137, 138, 139, 140, 141, 142, 143, 144, 146, 147, 148, 150, 151, 153, 157, 161, 162, 164, 167, 168, 173, 174, 175, 176, 177, 178, and 179. *See* ECF No. 191 at 1. On November 6, 2019, the Court granted in part and denied in part Plaintiff's request, ordering the Clerk of the Court to send Plaintiff copies of Magistrate Judge Ruth Bermudez Montenegro's

1

May 22, 2019 Report and Recommendation (ECF No. 173); the Court's August 19, 2019 Order: (1) Overruling Plaintiff's Objections, (2) Adopting Report and Recommendation, and (3) Granting Defendants' Motions for Summary Judgment (ECF No. 178); and the Clerk of the Court's August 19, 2019 Judgment in a Civil Case (ECF No. 179). *See* ECF No. 192 at 2. The Court denied Plaintiff's request as to the remaining documents, however, on the grounds that "Plaintiff's request is . . . disproportionately burdensome on the Court, particularly given that '[a]ppellants . . . proceeding without counsel need not file the initial excerpts, supplemental excerpts or further excerpts of record.'" *Id.* (quoting 9th Cir. R. 30-1.2) (citing *Wahl v. Sutton*, No. 116CV01576LJOBAMPC, 2019 WL 5536318, at *1 (E.D. Cal. Oct. 25, 2019)).

On November 19, 2019, Plaintiff requested that the Ninth Circuit provide him with copies of the same documents, claiming that he "need[s] to review these filings before completing [his] Opening Brief or to present them as Excerpts of Record[] supporting the brief." Appeal D.E. 10 at 1. The Ninth Circuit denied Plaintiff's request on December 17, 2019, noting that "[a]ppellant may request the document[s] directly from the district court." Appeal D.E. 11 at 1. The Ninth Circuit added that, "[b]ecause appellant is proceeding without counsel, the excerpts of record requirement is waived." *Id.* at 2 (citing 9th Cir. R. 30-1.2).

Plaintiff now requests copies of 50 documents comprising 768 pages: ECF Nos. 29, 41, 42, 43, 65, 66, 68, 69, 71, 73, 74, 105, 106, 116, 117, 118, 119, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 137, 138, 139, 140, 141, 142, 143, 144, 145, 147, 148, 150, 151, 157, 161, 164, 167, 168, 174, 175, 176, and 177. *See Ex Parte* App. at 2. Plaintiff claims that "he needs to be provided by the[] U.S.D.C. copies of the . . . docket records because 'he needs to review them prior to completing his Opening Brief'" because "without these records he won't be able to properly prosecute his case against named defendant on appeal . . . because he won't be able to examine and consider these filing[s] prior to completing his Opening Brief 'denying him a fair hearing.'" *Id.*

///

As the Court previously explained, *see* ECF No. 192 at 2, "[w]hile 'prisoners have a constitutional right of access to the courts,' . . . there is no constitutional right to receive photocopies free of charge." *Myers v. Paramo*, No. 18CV2239-DMS(BLM), 2019 WL 1982218, at *2 (S.D. Cal. May 3, 2019) (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)) (citing *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "The rule prohibiting free photocopies is the same for plaintiffs proceeding *in forma pauperis*." *Id.* (collecting cases) (citing *Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam)); *accord Eusse v. Vitela*, No. 3:13-CV-00916-BEN, 2015 WL 4641870, at *3 (S.D. Cal. Aug. 4, 2015) ("*In forma pauperis* status does not entitle a prisoner to free copies of documents from the existing Court record.") (quoting *Armstead v. United States*, No. C11-1352, 2012 WL 380280, at *1 (W.D. Wash. Feb. 6, 2012)).

"Here, given the breadth of the request, the lack of statutory authorization for such an expense, and Plaintiff's failure to establish a specific need related to the instant case . . . , the Court declines to authorize the requested production of documents." *See Myers*, 2019 WL 1982218, at *3. The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's *Ex Parte* Application. Plaintiff **MAY FILE** a renewed motion if he can articulate a specific need for particular documents to prepare his Opening Brief.

**IT IS SO ORDERED.**

Dated: January 27, 2020

Hon. Janis L. Sammartino
United States District Judge