UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SLEELEY, et al.,<br><br>Defendants. | Case No.: 14-CV-1525 JLS (RBM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REVIEW OF COSTS**<br><br>(ECF No. 189) |

Presently before the Court is Plaintiff Ruben Dario Garcia, Jr.'s unopposed Motion for Review of Costs ("Mot.," ECF No. 189), which the Court construes as a motion to re-tax costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Having carefully considered Plaintiff's Motion, the record in this matter, and the relevant law, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

Plaintiff instituted this action, *pro se*, on June 23, 2014, challenging treatment he received for his carpal tunnel syndrome while incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California. *See generally* ECF No. 1. The Court granted Plaintiff leave to proceed *in forma pauperis* on February 17, 2015. *See generally* ECF No. 8.

/ / /

Following multiple challenges to Plaintiff's complaints, *see* ECF Nos. 28, 92–94, Defendants filed answers to Plaintiff's surviving claims, *see* ECF Nos. 149, 152, and the Parties engaged in discovery. *See, e.g.*, ECF No. 140. Defendants moved for summary judgment in early 2019. *See* ECF Nos. 160, 168. On August 19, 2019, the Court overruled Plaintiff's objections, adopted Magistrate Judge Ruth Bermudez Montenegro's report and recommendation, and granted Defendants' motions for summary judgment. *See* ECF No. 178. Judgment was entered on August 19, 2019, *see* ECF No. 179, from which Plaintiff appealed. *See* ECF No. 186.

On August 27, 2019, Defendants filed a Bill of Costs for $1,090.95 incurred in "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* ECF No. 180. Although Plaintiff objected, *see* ECF No. 182, the Clerk of Court taxed costs against Plaintiff in the amount of $1,090.95 on September 13, 2019. *See* ECF No. 183. Plaintiff filed the instant Motion on September 22, 2019. *See* ECF No. 189.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Judgment may be rendered for costs at the conclusion of the [*in forma pauperis* prisoner's] suit or action as in other proceedings. . . . If the judgment against a prisoner includes the payment of costs . . . , the prisoner shall be required to pay the full amount of the costs ordered." 28 U.S.C. §§ 1915(f)(1), (2)(A). "On a motion served within . . . 7 days [of receipt of an order taxing costs], the court may review the clerk's [order taxing costs]." Fed. R. Civ. P. 54(d)(1).

Rule 54 "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Nonetheless, the court's discretion is not unlimited—a district court must "specify reasons" for its refusal to award costs. *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978). "In reviewing a motion to deny costs, the Ninth Circuit has noted the

following reasons for refusing to award costs to a prevailing party: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) whether the issues in the case were close and difficult; (4) whether the prevailing party's recovery was nominal or partial; (5) whether the losing party litigated in good faith; and (6) whether the case presented issues of national importance." *James v. Tade*, No. 15-CV-409-AJB-MDD, 2018 WL 2734882, at *2 (S.D. Cal. June 7, 2018) (citing *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003)). But this is not "an exhaustive list of 'good reasons' for declining costs." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593.

In a civil rights case, it is an abuse of discretion to deny a losing "plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) 'the chilling effect of imposing such high costs on future civil rights litigants.'" *Id.* at 592 (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999)); *see also Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016) ("Because several factors weigh heavily against a large cost award in this case, and severe injustice would result from such an award, the district court abused its discretion in taxing costs of $3,018.35 against [the prisoner proceeding *in forma pauperis*].") (citing *Stanley*, 178 F.3d at 1079–80). "[I]t is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley*, 178 F.3d at 1079.

## DISCUSSION

Plaintiff requests that the Court deny the $1,090.95 in costs awarded to Defendants A. Denbela, P. Newton, K. Seeley, and R. Walker on the grounds that Defendants failed to itemize the costs claimed pursuant to Civil Local Rule 54.1(a) and that Plaintiff "is indigent and can[]not pay the Bill of Costs claimed by defendants." Mot. at 3.

"Plaintiff's *in forma pauperis* and incarceration status combine to establish his limited financial resources." *See Avalos v. Carpenter*, No. 115CV00369LJOJLTPC, 2018 WL 453685, at *2 (E.D. Cal. Jan. 17, 2018). Indeed, when Plaintiff requested leave to proceed *in forma pauperis*, he had an available balance of $0 in his Inmate Statement

Report and owed over $1,000 for copying and mail services and for filing fees under the Prison Litigation Reform Act. *See* ECF No. 7 at 7; *see also Roberts v. Hensley*, No. 15CV1871-LAB (BLM), 2019 WL 2618124, at *2 (S.D. Cal. June 25, 2019) (concluding that prisoner was "clearly indigent" where "[h]e ha[d] no funds in any of his accounts and thus would be unable to pay any costs assessed to him"); *Birdwell v. Cates*, No. 2-10-CV-00719-KJM-AC, 2013 WL 3155007, at *2 (E.D. Cal. June 18, 2013) (granting motion to re-tax costs of $649.55 based on indigence where the "plaintiff was allowed to proceed in forma pauperis in this case as his trust account statement showed he had almost nothing in the account at the time he filed the complaint and his application reflected a prison job paying $0.32 an hour," rendering the costs "substantial . . . for a man earning far far less than minimum wage"). "Unfortunately, courts have held that once costs are awarded, 'a prisoner cannot avoid responsibility based on indigence.'" *James*, 2018 WL 2734882, at *2. "Therefore, indigence, standing alone, does not justify Plaintiff evading the taxation of costs." *See id.*

The Court concludes, however, that additional factors weigh against an award of costs in this case, such that awarding costs against Plaintiff would amount to an abuse of the Court's discretion. *See Draper*, 836 F.3d at 1089. "[Plaintiff]'s case was not without merit, and was pursued in good faith." *See Buenrostro v. Gonzales*, No. CV0606814SJOSHX, 2009 WL 10684925, at *2 (C.D. Cal. Jan. 27, 2009). Indeed, two of Plaintiff's claims survived to summary judgment. Further, "[t]here is no comparison between [a *pro se* prisoner]'s limited resources and those of the state of California, which bore the defense costs." *See Draper*, 836 F.3d at 1089. And, most importantly, "[w]ere the Court to find [Plaintiff] liable for costs, it would chill the willingness of other inmates who believe they received inadequate [health] care [or suffered retaliation] from pursuing those claims." *See Roberts*, 2019 WL 2618124, at *2; *see also Avalos*, 2018 WL 453685, at *1–2 ("[W]hile [the Court] is 'what some may call 'inundated' with similar cases filed under section 1983 by indigent inmates, the potential chilling effect of being taxed with costs upon defeat cannot be ignored in cases such as these.'") (collecting cases) (quoting

*Draper*, 836 F.3d at 1088–89). Accordingly, "district courts have routinely declined to award costs against prisoners proceeding in forma pauperis under similar circumstances, citing potential chilling effects." *See Draper*, 836 F.3d at 1088.

The Court therefore concludes that "Plaintiff has rebutted the presumption that the prevailing party should be awarded its costs and has demonstrated that this is the 'rare occasion where severe injustice will result from an award of costs.'" *See Shamir v. SCCA Store Holdings, Inc.*, No. CV1306672ABCASX, 2014 WL 12610198, at *3 (C.D. Cal. Nov. 4, 2014) (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003)). Accordingly, the Court **GRANTS** Plaintiff's Motion. *See, e.g.*, *id.* at *3 ("On balance, Plaintiff's extremely limited financial resources, the importance of her case, the chilling effect on future potential plaintiffs, and the economic disparity between the parties favor the Court exercising its discretion to deny Defendant's costs."); *Baltimore v. Haggins*, No. 1:10-cv-00931-LJO-JLT, 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014) (denying $1,462.61 in costs); *Buenrostro v. Gonzales*, No. CV0606814SJOSHX, 2009 WL 10684925, at *2 (C.D. Cal. Jan. 27, 2009) (concluding that "the totality of the circumstances of this case makes imposing costs on [unsuccessful plaintiff] inappropriate" where "requiring her to pay [the prevailing defendant's] costs would impose serious financial hardship[,] . . . there is a significant economic disparity between [the plaintiff] and [the defendant] . . . , [the plaintiff]'s case was not without merit, and was pursued in good faith . . . , [and] imposing these costs on [the plaintiff] could 'chill individual litigants of modest means seeking to vindicate important rights'").

///
///
///
///
///
///
///
///

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion. Accordingly, Defendants **SHALL NOT** recover costs in this action.

**IT IS SO ORDERED.**

Dated: August 13, 2020

Hon. Janis L. Sammartino
United States District Judge